# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDRA Y. SHARP, | : |
| Plaintiff, | : CIVIL ACTION NO. 4:11-1028 |
| v. | :   (KANE, C.J.) |
| | (MANNION, M.J.) |
| STATE PAROLE OFFICE, | : |
| Defendant. | : |

## REPORT AND RECOMMENDATION

On May 27, 2011, the plaintiff, filed a complaint *pro se* against the State Parole Office. (Doc. No. 1). The plaintiff filed an application to proceed *in forma pauperis* and an authorization form. (Doc. Nos. 2 and 3). Since the plaintiff was no longer incarcerated, this court ordered that proper forms be sent to the plaintiff. (Doc. No. 5). On June 7, 2011 the plaintiff filed the proper *in forma pauperis* form and by order of June 13, 2011 this court granted her *in forma pauperis* status and ordered the plaintiff to file an amended complaint. (Doc. No. 7). On July 1, 2011 the plaintiff filed a change of address with the courts. (Doc. No. 8). To date no further action has been taken by the plaintiff and no amended complaint has been filed.

The plaintiff's failure to file an amended complaint constitutes a failure to prosecute this action and therefore this action is subject to dismissal pursuant to Fed.R.Civ.P. 41(b), which states in pertinent part:

"If the plaintiff fails to prosecute or to comply with these rules or a court order,

a defendant may move to dismiss the action or any claim against it."

The Third Circuit has long held that Rule 41(b) does not prohibit the *sua sponte* dismissal of actions against a defendant.

> As was said in Link v. Wabash R.R., where the plaintiff argued that [F.R.C.P. 41(b)](#) by negative implication prohibits involuntary dismissal except on motion by the defendant, no restriction on the district court's power should be implied: "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."

[*Kenney v. Cal. Tanker Co.*, 381 F.2d 775, 777 (3d Cir. 1967)](#) (quoting *Link v. Wabash R.R.. Co.*, 370 U.S. 626, 630-31 (1962)).

In the instant action, the court can not properly control its docket, move this action forward and properly protect the rights of all parties if the plaintiff fails to comply with orders issued by this court.  Moreover, such conduct should not be condoned in light of the large prisoner dockets presently pending before the federal courts, all of which require prompt and thorough review.

Finally, since the plaintiff has failed to advise the court of a new address, and has made no contact with the court, it justifies dismissal of this action.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the instant action be **DISMISSED** pursuant to Fed.R.Civ.P. 41(b).

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date: August 4, 2011**
O:\shared\REPORTS\2011 Reports\11-1028-01.wpd